# EXHIBIT A

Filed
File Date: 4/13/2022 3:02 PM
Coos Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

COOS, SS.                                COOS COUNTY SUPERIOR COURT
                                         DOCKET NO.: 214-2022-CV-00020

**JURY TRIAL REQUESTED**

Justin Laundry
29 Jericho Road
Berlin, NH 03570

v.

Peddinghaus Corporation
300 North Washington Avenue
Bradley, IL 60915

**COMPLAINT**

NOW COMES the Plaintiff, Justin Laundry, by and through his attorneys, Cleveland, Waters and Bass, P.A., and hereby complains against the Defendant, Peddinghaus Corporation ("Peddinghaus"), as follows:

**PRELIMINARY STATEMENT**

1.      This is an action brought by the Plaintiff, Justin Laundry, seeking compensation for damages he sustained as a result of the defective and unsafe condition of a shot blasting machine, which was designed, manufactured and installed by the Defendant at Mr. Laundry's workplace.

**PARTIES AND JURISDICTION**

2.      The Plaintiff, Justin Laundry, is a natural person with a principal place of residence of 29 Jericho Road, Berlin, New Hampshire 03570.

3.  The Defendant, Peddinghaus, is a corporation organized under the laws of Delaware with a principal place of business at 300 North Washington Avenue, Bradley, Illinois 60915.

4.  At all relevant times, Peddinghaus was in the business of designing, manufacturing, assembling, distributing, selling, and supplying commercial and retail roller conveyor shot blasting machines, including the blasting machine at issue in this case.

5.  At all relevant times, upon information and belief, Peddinghaus conducted business within the state of New Hampshire.

6.  This Court's exercise of jurisdiction over the subject matter of this lawsuit is proper pursuant to RSA 491:7.

7.  Venue lies within the Superior Court of Coos County, pursuant to RSA 507:9.

## FACTS

8.  The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

9.  At all relevant times, Mr. Laundry was employed as a laborer by Capone Iron Corporation located in Berlin, New Hampshire ("Capone"). Capone performs fabrication of steel products.

10. On January 21, 2021 Mr. Laundry was assigned to operate a roller conveyor shot blasting machine which, upon information and belief, is called the "PeddiBlast" (hereafter the "Machine").

2

11.   The Machine was manufactured and installed by Peddinghaus and is used to shot blast steel I-Beams required for construction.

12.   To operate the Machine, I-Beams are loaded onto rollers at the input area of the Machine. Once the I-Beam is loaded, sensors activate the rollers which pull the I-Beam through a conveyor. While in the conveyor, tiny particles of metal media make contact with the exterior of the I-Beam at high speeds. This "blasting" process in effect sands the I-Beam to create a smooth finish. When the blasting process is complete, the conveyor rollers push the sanded I-Beam to the output of the Machine.

13.   As a result of this blasting process, the Machine generates metal debris or sand-like particles that accumulate at its output area. Because this Machine was not installed with airlines on both sides of the Machine and there was no air wand connected to the airline to blow the debris, or other device or mechanism to contain this debris, Mr. Laundry and other employees were instructed to reach inside the output area of the Machine and wipe away debris with their hands at the conclusion of the blasting process.

14.   On January 21, 2021 Mr. Laundry was watching as an I-Beam exited the Machine. Once the I-Beam reached the end of the conveyor belt, Mr. Laundry placed a gloved hand inside the output area to wipe away the excess debris.

15.   As he did so, his glove was caught between the I-Beam and the internal roller conveyor, causing his hand to become crushed.

16.   Mr. Laundry suffered a serious crushing injury to his left hand and digits which ultimately resulted in partial amputation of two of his fingers.

17. As a result of his injuries, Mr. Laundry required surgeries, medical intervention and management including, but not limited to, revision amputations of two of his fingers and occupational therapy in an effort to regain the strength and function in his hand. He continues to experience pain, discomfort, sensitivity and limited range of motion in this extremity.

### COUNT ONE – PRODUCTS LIABILITY

18. The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

19. At all relevant times, the Defendant was regularly in the business manufacturing or otherwise introducing into the stream of commerce steel fabrication machinery, including, a roller conveyor shot blasting machine of the same type and model as the Machine which caused the injury to the Plaintiff.

20. Upon information and belief, prior to January 21, 2021, the Machine was designed, manufactured, imported, distributed, sold, and installed by the Defendant at Capone for use at Mr. Laundry's place of employment.

21. The Machine was defective and unreasonably dangerous at the time it left the possession, custody and control of the Defendant and at the time of its installation due to defects including, without limitation, the Machine lacked a safety mechanism to protect operators from rotating parts on the outgoing roller conveyor including, sufficient and adequate emergency stop button(s), sufficient and adequate airlines and air wands to remove metal debris, and adequate warnings, written in English, regarding the dangers incident to the use of the Machine and physical removal of the debris that gathered as a matter of course at the output of the Machine.

22. The Machine was in such defective and unsafe condition at the time it was installed at Capone and remained in such unsafe and defective condition, substantially unchanged, until the time of Mr. Laundry's injury.

23. As a direct and proximate result of the defective and unsafe condition of the Machine, and the lack of sufficient and adequate warnings by the Defendant, Mr. Laundry suffered physical pain and personal injuries when the Machine crushed his left hand, including, but not limited to, permanent injuries, physical pain and suffering, loss of earnings and loss of earning capacity, loss of enjoyment of life for his projected lifetime, medical bills, and other damages, including costs and attorney's fees, in an amount sufficient to invoke the jurisdiction of this Court.

24. Accordingly, the Plaintiff demands judgment against the Defendant, together with costs of suit, counsel fees, and other further relief as this Court deems just and proper under the circumstances.

## **COUNT TWO– NEGLIGENCE**

25. The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein

26. The Defendant had a duty to test and/or inspect its products; to design, manufacture, market, assemble, sell, and/or install its products without defects or deficiencies, including, but not limited to, sufficient and adequate airlines and air wands, sufficient and adequate emergency stop functions, and warnings in English, and in a manner that they do not present a foreseeable risk of harm to persons during their ordinary, intended and reasonably foreseeable use; and to otherwise exercise reasonable care to prevent injury to others, including Mr. Laundry.

27. The Defendant's failure to test and/or inspect its products; to design, manufacture, assemble, market, sell, and/or install its products without defects or deficiencies, including, but not limited to, sufficient and adequate airlines and air wands, sufficient and adequate emergency stop functions, and warnings in English, and in such a manner that it did not present a foreseeable risk of harm to persons during their ordinary, intended and reasonably foreseeable use; and to otherwise exercise reasonable care to prevent injuries to others, including Mr. Laundry, constituted a breach of the aforementioned duties.

28. As a direct and proximate result of this negligence and lack of ordinary care by the Defendant, Mr. Laundry suffered damages, including, but not limited to, permanent injuries, physical pain and suffering, loss of earnings and loss of earning capacity, loss of enjoyment of life for his projected lifetime, medical bills, and other damages, including costs and attorney's fees, in an amount sufficient to invoke the jurisdiction of this Court.

29. Accordingly, the Plaintiff demands judgment against the Defendant, together with costs of suit, counsel fees, and other further relief as this Court deems just and proper under the circumstances.

**COUNT THREE– NEGLIGENCE (failure to warn)**

30. The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

31. The Defendant had a duty to implement reasonable safety measures to prevent the Plaintiff, and other operators of its machine, from injuring themselves, to use reasonable care in the selection of safety accessories for the Machine, to warn

6

operators of the potential for injury, and to otherwise exercise reasonable care to ensure that the Machine was reasonably safe so that other persons, including Mr. Laundry, would not be injured.

32. The Defendant's failure to implement reasonable safety measures to prevent Mr. Laundry from injuring himself, to select and install appropriate safety accessories for the Machine, to warn operators of the potential for injury, and to otherwise exercise reasonable care to ensure that the Machine was reasonably safe so that other persons, including Mr. Laundry, would not be injured, constituted a breach of its aforementioned duties.

33. As a direct and proximate result of this negligence and lack of ordinary care by the Defendant, Mr. Laundry suffered damages, including, but not limited to, permanent injuries, physical pain and suffering, loss of earnings and loss of earning capacity, loss of enjoyment of life for his projected lifetime, medical bills, and other damages, including costs and attorney's fees, in an amount sufficient to invoke the jurisdiction of this Court.

34. Accordingly, the Plaintiff demands judgment against the Defendant, together with costs of suit, counsel fees, and other further relief as this Court deems just and proper under the circumstances.

### COUNT FOUR – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

35. The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

36. At all relevant times, Defendant knew or should have known that the Machine would be used by operators, such as Mr. Laundry, for shot blasting I-Beams, that users would need sufficient and adequate airlines to push back particles emerging from the Machine, sufficient and adequate emergency stop button(s) and adequate safety instructions written in English, and that end users, such as Mr. Laundry, would rely on the Defendant's skill or judgment in manufacturing and selling a product for the particular purpose of sanding I-Beams.

37. The Defendant impliedly warranted that purchasers and users of the Machine could rely on the Defendant's skill or judgment in manufacturing and selling a product which was fit for the particular purpose of shot blasting I-Beams.

38. In his role at Capone, Mr. Laundry was the type of person who would reasonably be expected to use or be affected by the Machine.

39. Mr. Laundry reasonably relied upon the Defendant's skill and judgment as to the quality of the product, including, without limitation, that it would be safe, suitable, and fit for use in shot blasting activities by workers such as Mr. Laundry.

40. Mr. Laundry's activities in connection with the Machine were performed in an ordinary, intended and foreseeable manner.

41. The defective and unreasonably dangerous condition of the Machine, including, without limitation, insufficient and inadequate airlines and air wands, insufficient and inadequate emergency stop button(s) and insufficient and inadequate safety warnings, written in English, constitutes a breach of the implied warranty of fitness for a particular purpose.

42. As a direct and proximate result of this breach of the implied warranty of fitness by the Defendant, Mr. Laundry suffered damages, including, but not limited to, permanent injuries, physical pain and suffering, loss of earnings and loss of earning capacity, loss of enjoyment of life for his projected lifetime, medical bills, and other damages, including costs and attorney's fees, in an amount sufficient to invoke the jurisdiction of this Court.

43. Accordingly, the Plaintiff demands judgment against the Defendant, together with costs of suit, counsel fees, and such other and further relief as this Court deems just and proper under the circumstances.

**COUNT FIVE – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

44. The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

45. The Defendant, by designing, manufacturing, assembling, marketing, selling, and/or installing the Machine, impliedly warranted that the Machine would be reasonably fit for its ordinary, intended, and reasonably foreseeable use.

46. The implied warranty runs from the seller to the purchaser and then through the ultimate user.

47. In his role at Capone, Mr. Laundry was the type of person who would reasonably be expected to use, operate, consume, or be affected by the Machine.

48. Mr. Laundry reasonably relied upon this implied warranty when he engaged in shot blasting activities involving the Machine on behalf of his employer.

49. Mr. Laundry's activities in connection with the Machine were performed in the ordinary, intended and foreseeable manner.

9

50. The defective and unreasonably dangerous condition of the Machine, including, without limitation, insufficient and inadequate airlines and air wands, insufficient and inadequate emergency stop button(s) and insufficient and inadequate safety warnings, written in English, constitutes a breach of the implied warranty of merchantability.

51. As a direct and proximate result of the Defendant's breach of the implied warranty of merchantability, Mr. Laundry suffered damages, including, but not limited to, permanent injuries, physical pain and suffering, loss of earnings and loss of earning capacity, loss of enjoyment of life for his projected lifetime, medical bills, and other damages, including costs and attorney's fees, in an amount sufficient to invoke the jurisdiction of this Court.

52. Accordingly, the Plaintiff demands judgment against the Defendant, together with costs of suit, counsel fees, and other further relief as this Court deems just and proper under the circumstances.

## JURY TRIAL

53. The Plaintiff demands a jury trial under New Hampshire law.

                Respectfully submitted,

                JUSTIN LAUNDRY
                By his Attorneys,
                CLEVELAND, WATERS AND BASS, P.A.

Dated: April 13, 2022       /s/ Mark D. Wiseman
                                    Mark D. Wiseman (N.H. Bar No. 2771)
                                    Two Capital Plaza, PO Box 1137
                                    Concord, NH 03302-1137
                                    (603) 224-7761
                                    wisemanm@cwbpa.com

# CWB

### CLEVELAND, WATERS AND BASS, P.A.
ATTORNEYS AT LAW

MARK D. WISEMAN, ESQUIRE
(603) 224-7761 EXT. 1017
(603) 224-6457 FACSIMILE
WISEMANM@CWBPA.COM

TWO CAPITAL PLAZA, P.O. BOX 1137
CONCORD, NEW HAMPSHIRE 03302-1137

May 9, 2022

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
7019 1120 0001 2182 7187

Peddinghaus Corporation
300 N Washington Avenue
Bradley, IL  60915

      Re:    **Justin Laundry v. Peddinghaus Corporation**
              Case No.: 214-2022-CV-00020

Dear Sir/Madam:

    Enclosed please find a copy of the service of process made upon the New Hampshire Secretary of State in the above-captioned matter. You are a named defendant in the above-captioned matter, and this service is in compliance with RSA 510:4.

                                    Very truly yours,

                                      Mark D. Wiseman

MDW/kcm
Enclosures

cc:    Mr. Justin Laundry (w/out enclosures)

**Merrimack County Sheriff's Office**
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

PEDDINGHAUS CORPORATION
300 N WASHINGTON AVE
BRADLEY, IL 60915

AFFIDAVIT OF SERVICE

MERRIMACK, SS.                                           5/2/22

I, DEPUTY JENNIFER L BOUCHER, this date at 1156 (a.m)/p.m., summoned the within named defendant PEDDINGHAUS CORPORATION as within commanded by leaving at the office of David Scanlan, Secretary of State of New Hampshire, its true and lawful Attorney for the service of process under, and by virtue of, Chapter 510:4, New Hampshire Revised Statutes Annotated, as amended, a true and attested copy of this Summons and Complaint, and I paid the Secretary of State ten ($10.00) dollars as his fee for accepting service.

FEES

    Service      $30.30
    Postage        1.00
    Travel        15.00
    PD to SOS     10.00
                 _____
TOTAL            $56.30

A TRUE COPY ATTEST:

_____
DEPUTY BOUCHER
Merrimack County Sheriff's Office

_____
DEPUTY JENNIFER L BOUCHER
Merrimack County Sheriff's Office

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Coos Superior Court
55 School St., Suite 301
Lancaster NH  03584

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:       **Justin Laundry v Peddinghaus Corporation**
Case Number:    **214-2022-CV-00020**

Date Complaint Filed: April 13, 2022
A Complaint has been filed against Peddinghaus Corporation in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| June 03, 2022 | Justin Laundry shall have this Summons and the attached Complaint served upon Peddinghaus Corporation by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 24, 2022 | Justin Laundry shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Peddinghaus Corporation must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Peddinghaus Corporation:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
  Mark D. Wiseman, ESQ          Cleveland Waters and Bass PA Two Capital Plaza 5th Floor PO
                                Box 1137 Concord NH  03302-1137
  Peddinghaus Corporation       300 North Washington Avenue Bradley IL  60915

BY ORDER OF THE COURT

April 19, 2022

(1082)

David P. Carlson
Clerk of Court

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Coos Superior Court
55 School St., Suite 301
Lancaster NH  03584

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:    **Justin Laundry v Peddinghaus Corporation**
Case Number:  **214-2022-CV-00020**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Coos Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.
2. After you register, click Start Now.  Select **Coos Superior Court** as the location.
3. Select "I am filing into an existing case".  Enter **214-2022-CV-00020** and click Next.
4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.
5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

NHJB-2678-Se (07/01/2018)